UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC GUDMUNDSON, *et al.*,

        Plaintiffs,

  v.

STATE FARM FIRE AND CASUALTY CO.,

        Defendant.

Case No. C22-352-MLP

ORDER

      This matter is before the Court on Defendant State Farm Fire and Casualty Company's ("State Farm") Motion for Partial Summary Judgment ("Defendant's Motion"). (Def.'s Mot. (dkt. # 15).) Plaintiffs Eric Gudmundson and Katina Gudmundson filed an opposition (Pls.' Resp. (dkt. # 18)) and State Farm filed a reply (Def.'s Reply (dkt. # 22)). Neither party requested oral argument. Having considered the parties' submissions, the balance of the record, and the governing law, Defendant's Motion (dkt. # 15) is DENIED.

                    **I.    BACKGROUND**

      On January 1, 2019, a fire damaged the Gudmundsons' home. (Compl. (dkt. # 1-2) at ¶ 2.1.) The same day, the Gudmundsons reported the loss to their insurer, State Farm. (*See* Snyder Decl. (dkt. # 19), Ex. 1 at 1.) State Farm made its first payment on the claim on January

ORDER - 1

16, 2019, and its last payment on December 31, 2021. (*Id.*, Ex. 2.) The payments totaled over $800,000. (*Id.* at 2-3.) The Gudmundsons filed this action on February 24, 2022, in Snohomish County Superior Court, and State Farm removed the action to this Court on March 24, 2022. (Dkt. # 1.) The Gudmundsons alleged State Farm "failed to provide payment and coverage for tear-out and replacement of the subject property [and] for personal property loss." (Compl. at ¶¶ 2.10-2.11.) They asserted claims for breach of insurance contract, bad faith, negligent claims handling, and violations of the Consumer Protection Act. (Compl. at ¶¶ 3.1-6.11.) In the instant motion, State Farm seeks dismissal of the Gudmundsons' claim for breach of insurance contract. (Def.'s Mot. at 1.)

## II.   DISCUSSION

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Genuine disputes are those for which the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 257. It is the nonmoving party's responsibility to "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoted source omitted). The Court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

State Farm contends the Gudmundsons' claim for breach of insurance contract must be dismissed because their insurance contract provided that an "action must be started within one year after the date of loss or damage." (Rogers Decl. (dkt. # 16), Ex. A at 15.) The Gudmundsons concede they filed this action more than a year after their January 2019 loss. (Pls.' Resp. at 2.) They contend, however, that equitable estoppel should apply because State Farm lulled them into a false sense of security, and that they cannot be required to file a breach of contract action before the breach has occurred. (*Id.*)

"An insurer may be estopped from asserting a right where the assertion of the right would be inequitable." *Logan v. N.-W. Ins. Co.*, 45 Wash. App. 95, 100 (Wash. App. Div. 2 1986). "The principle of equitable estoppel is based upon the reasoning that a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon." *Cornerstone Equip. Leasing, Inc. v. MacLeod*, 159 Wash. App. 899, 907 (Wash. App. Div. 1 2011). Equitable estoppel requires: (1) an admission, statement, or act inconsistent with a claim afterward asserted; (2) action by another in reasonable reliance on that act, statement, or admission; and (3) injury to the party who relied if the court allows the first party to contradict or repudiate the prior act, statement, or admission. *Robinson v. City of Seattle*, 119 Wash.2d 34, 82 (1992).

"An insurer will be estopped from insisting upon a forfeiture if the insurer's agreement, declaration, or course of action leads the insured to conduct based on that insured's honest belief that forfeiture of his policy will not occur." *Logan*, 45 Wash. App. at 100. Here, questions of fact remain as to whether State Farm's course of action lured the Gudmundsons "into thinking that the loss would be paid" in full and thus failing to file suit within one year of the loss. *Id.* ("The elements of estoppel are not present [where the insurer] did nothing to lure [plaintiff] into

ORDER - 3

thinking that the loss would be paid or to prevent [plaintiff] from asserting a cause of action for coverage under the policy."). State Farm made payments as late as December 31, 2021, and the Gudmundsons filed this action less than two months later. Mr. Gudmundson stated in a declaration that, for the year following the loss, State Farm never indicated that any portion of their claim would be denied. (Gudmundson Decl. (dkt. # 20) at ¶ 5.) The Gudmundsons contend that for the year following the loss, State Farm's "only correspondence with Plaintiffs . . . was related to assessment of the damages and handling of the claims." (Pls.' Resp. at 3.) The Gudmundsons have offered evidence that, for at least a year after their loss, State Farm's course of action led them to believe their claims would be paid in full. They contend they reasonably relied on State Farm's actions, leading them to fail to file suit within one year of the loss. Questions of fact remain as to whether the Gudmundsons relied on State Farm's actions and whether the reliance was reasonable. The Court cannot, therefore, determine as a matter of law that the breach of insurance contract claim should be dismissed.

      State Farm argues that, even if equitable estoppel could apply here, the Gudmundsons waited over three years to file their suit, which was unreasonable. (Def.'s Reply at 3.) However, the Gudmundsons filed suit less than two months after State Farm allegedly stopped paying on the claim. While the record is unclear as to when exactly the Gudmundsons learned that State Farm would not pay their claims in full, State Farm does not suggest they waited an unreasonably long time after that point. The Court cannot conclude as a matter of law that the Gudmundsons slept on their rights. *Cf. Cent. Heat, Inc. v. Daily Olympian, Inc.*, 74 Wash.2d 126, 135 (1968) ("Plaintiff knew in July, 1962 that defendant had refused to pay the monthly billings, yet no action was taken for a period of two years and ten months later."). Accordingly, factual questions preclude summary judgment on the Gudmundsons' breach of insurance contract claim.

ORDER - 4

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (dkt. # 15) is DENIED.

Dated this 15th day of June, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5