UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC GUDMUNDSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY CO., <br><br> Defendant. | Case No. C22-352-MLP <br><br> ORDER |

This matter is before the Court on two motions: (1) Plaintiffs' counsel's "Motion to Withdraw and Continue the Trial Date" ("Counsel's Motion" (dkt. # 42)); and (2) Plaintiffs Eric and Katina Gudmundson's "Motion for Relief from the Case Schedule" ("Plaintiffs' Motion" (dkt. # 43)). Both motions were filed on February 23, 2023, (dkt. ## 42-43) and Defendants have filed responses (dkt. ## 46-47). Plaintiffs themselves were served with copies of both motions and have not filed any opposition. (Samoylenko Decl. (dkt. # 45).) No replies were filed.

Plaintiffs' counsel, Leah S. Snyder and Chance B. Yager of Ember Law PLLC, move for an order allowing them to withdraw as counsel because "Ember cannot continue this representation consistent with the Washington Rules of Professional Conduct." (Dkt. # 42 at 1-2.) Because the withdrawal is less than 60 days before the March 21, 2023 discovery deadline

ORDER - 1

(dkt. # 35), Plaintiffs' counsel contend that "trial should be continued to allow Plaintiff[s] the opportunity to obtain replacement counsel." (Dkt. # 42 at 2.) Trial is currently scheduled for July 17, 2023. (Dkt. # 35.) In the accompanying motion, Plaintiffs, appearing through Ms. Snyder, "seek relief from the case schedule" for an unspecified length of time. (Dkt. # 43 at 2.)

Defendant State Farm Fire and Casualty Company does not oppose withdrawal of Plaintiffs' counsel. (Dkt. # 47 at 1.) Defendant opposes a trial continuance (*id.* at 2) but does not oppose a "four-week extension of the discovery cutoff." (Dkt. # 46 at 1.)

Leave of court is required for counsel to withdraw where withdrawal will leave the party unrepresented. W.D. Wash. Local Civil Rule ("LCR") 83.2(b). "The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case[.]" LCR 83.2(b)(1). Although the discovery cut off date is now less than a week away, based on Plaintiffs' counsel's representation that the Washington Rules of Professional Conduct require them to withdraw, and that Plaintiffs and Defendant do not oppose withdrawal, the Court finds it appropriate to grant leave to withdraw.

The Court's scheduling order "may be modified only for good cause and with the judge's consent." LCR 16(b)(6). The loss of counsel less than one month prior to the end of discovery constitutes good cause. Accordingly, the Court GRANTS Plaintiffs' Motion (dkt. # 43) and amends the scheduling order (dkt. # 35) to extend the discovery cut off date by four weeks to April 18, 2023.[1]

However, at this point, the Court finds it premature to continue the trial date, particularly without input from any new counsel Plaintiffs may engage. Therefore, the Court GRANTS in

---

[1] The Court recognizes that dispositive and *Daubert* motions are due on that date. (Dkt. # 35.) Any further extension sought by any party should account for the time the Court needs to resolve any such motions prior to trial.

part and DENIES in part Counsel's Motion. (Dkt. # 42.) Ms. Snyder and Mr. Yager of Ember Law PLLC are permitted to withdraw from representing Plaintiffs; however, the motion to continue trial is denied.

Dated this 15th day of March, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3